LAW LIBRARY

2012 OCT 26 AM 9: 18

# IN THE SUPERIOR COURT OF GUAM

IN THE MATTER OF THE APPLICATION )
OF )
ALLAN T. DE VENENCIA )
FOR A WRIT OF HABEAS CORPUS, )
)
Petitioner. )
)
_____ )

SPECIAL PROCEEDINGS CASE NO.
SP0137-12

**DECISION AND ORDER**

## INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas for review of the Amended Petition for Habeas Corpus on the 15th day of October, 2012. Attorney Howard Trapp represented the Petitioner. Petitioner claims that he should be freed from the term of his sentence of incarceration which was imposed after he voluntarily plead guilty to the charge of Burglary as a Second Degree Felony, on the basis that the Supreme Court has indicated that a conspiracy to commit an assault does not constitute a crime, in the case of People v. Anastacio, 2010 Guam 18; and thus, the term of imprisonment imposed upon him constitutes plain error. The Court now issues the following Decision and Order on the matter presented.

## DISCUSSION

The initial determination of whether the Court should issue a writ of habeas corpus is governed by 8 GCA § 135.16, which states:

> Any judge authorized to grant the writ, to whom a petition therefor is presented, shall, *if it appears that the writ ought to issue*, grant the same without delay; and if the person by or upon whose behalf the application for the writ is made be

detained upon a criminal charge, may release him pursuant to Chapter 40 (commencing with § 40.10) pending the determination of the proceeding.

8 GCA § 135.16 (2012) (emphasis added).

On the face of the petition filed in this case, it does not appear that the writ ought to issue.

1) Right to Have Sufficiency of Allegations of Crime Charged Reviewed Through a Petition for Habeas Corpus

Petitioner De Venencia's main contention is that he should be released from incarceration due to his voluntary acceptance of a plea of guilty to the charge of burglary in the indictment which was legally defective, and for which he could not have been found guilty at trial, because it did not constitute a crime. However, it is a well-settled rule of law that a court will not and may not consider on habeas corpus review, questions concerning the sufficiency of the information on which the conviction is based, or whether the acts set out in the statement of facts constituted a crime. In re Gregory, 219 U.S. 210, 217–18 (1911); see also Knewel v. Egan, 268 U.S. 442, 443 (1925)(Allegations put forth for granting the writ, "namely, that the information on which the conviction was had did not describe a public offense" was not grounds for the grant of a habeas corpus petition).

> 'Whether an act charged in an indictment is or is not a crime by the law which the court administers (in this case the statute law of the United States) is a question which has to be met at almost every stage of criminal proceedings; on motions to quash the indictment, on demurrers, on motions to arrest judgment, etc.' . . . .In hearing this application, this court does not sit to review the correctness of the conclusion of the police court as to the violation of the statute by the petitioner, or of the decision of the court of appeals of the District as to the sufficiency of the information filed against him. The question here is not one of guilt or innocence, but simply whether the court below had jurisdiction to try the issues. And as we find that the statute conferred that jurisdiction, the application for a writ of habeas corpus must be denied.

Id. at 218 (quoting Ex parte Parks, 93 U.S. 18, 20 (1876)).

As aptly and succinctly stated by the United States Supreme Court, "[a] habeas corpus proceeding cannot be made to perform the function of a writ of error, and *we are not concerned with the question whether the information was sufficient, or whether the acts set forth in the*

*agreed statement constituted a crime, . . . .*" Id. at 213 (emphasis added). Accordingly, it is apparent that this Court should not and will not review the legal sufficiency of the charge for which he is imprisoned, and whether or not that charge constitutes a crime through a writ of habeas corpus, because this is the function of a direct appeal, which the Petitioner did not pursue.

The Petitioner was not convicted at trial, rather, the Petitioner entered a voluntary plea of guilty to the charge of Burglary. "[A] habeas petitioner faces a heavy burden in collaterally attacking a guilty plea . . . ." Pak v. U.S., No. CRIM. 00-00150, Civ. 04-00023, 2006 WL 709590, *5 (D. Ct. Guam March 16, 2006) (citing Blackledge v. Allison, 431 U.S. 63, 74 (1977)). In the habeas petition before the Court, the Petitioner argues that it was plain error for the Court to sentence him to a term of incarceration based upon his guilty plea to the charge of burglary, because the Supreme Court of Guam has indicated that a party may not be convicted of a conspiracy to commit assault, and he plead guilty to committing a burglary consisting of the facts that he entered habitable property with the intent to commit an assault therein. In a habeas petition:

> A defendant has the burden of proving plain error by showing "(1) that there has been a violation of a legal rule, not waived by [the defendant], during court proceedings; (2) the error must be plain in that it is 'clear' or 'obvious' under current law; and (3) the plain error must have affected [defendant's] substantial rights."

Ignacio v. People, 2012 Guam 4 ¶ 24 (quoting People v. Perry, 2009 Guam 4 ¶ 9 (internal quotation marks omitted) and People v. Van Bui, 2008 Guam 8 ¶ 10)).

The Petitioner must prove that he did not waive the alleged violation of the legal rule upon which he bases his claim for habeas relief. Ignacio, 2012 Guam 4 ¶ 24 (quoting Perry, 2009 Guam 4 ¶ 9 (internal quotation marks omitted) and Van Bui, 2008 Guam 8 ¶ 10)).

> A person convicted of crime by a judgment of a state court may secure the review of that judgment by the highest state court and if unsuccessful there may then resort to this court by writ of error if an appropriate federal question be involved and decided against him, or if he be imprisoned under the judgment, he may proceed by writ of habeas corpus on constitutional grounds summarily to determine whether he is restrained of his liberty by judgment of a court acting

without jurisdiction. But if he pursues the latter remedy, he may not use it as a substitute for a writ of error. It is fundamental that a court upon which is conferred jurisdiction to try an offense has jurisdiction to determine whether or not that offense is charged or proved. *Otherwise every judgment of conviction would be subject to collateral attack and review on habeas corpus on the ground that no offense was charged or proved. It has been uniformly held by this court that the sufficiency of an indictment cannot be reviewed in habeas corpus proceedings.*

Knewel, 268 U.S. at 445–46 (internal citations omitted) (emphasis added).

It is plain that the Petitioner waived his right to challenge the legal sufficiency of the charge to which he plead by failing to pursue a direct appeal from the judgment of conviction. The Petitioner did not pursue a direct appeal in which he might have challenged the legal sufficiency of the crime charged, and his conviction based thereon, and therefore, he may not utilize the remedy of habeas corpus to collaterally attack the sufficiency of the charge for which he plead guilty.

Moreover, the case upon which De Venencia relies, People v. Anastacio, pre-existed his voluntary admission of a plea of guilty to the crime of burglary. By accepting this plea agreement to the crime of burglary, and the benefits which were proffered, and by further declining to pursue his right to a direct appeal, De Venencia waived any alleged legal defects in the crime as charged, and any reliance on the case of People v. Anastacio, regarding the legal sufficiency of burglary as a crime, as charged, as a basis for relief from incarceration in a habeas petition.

Based upon De Venencia's voluntary acceptance of a plea of guilty to the charge and simultaneous waiver of rights, and more importantly, his failure to pursue a direct appeal in which to challenge the legal sufficiency of the charge of burglary as a crime, it is apparent to this Court that De Venencia is not now entitled to the issuance of a Writ of Habeas Corpus as a collateral attack upon the conviction. Knewel, supra at 445–446; In re Gregory, supra at 217–18 Ex parte Parks, supra at 20.

//

## CONCLUSION

After considering the contents of the petition, the Court finds that the Petitioner is not entitled to the issuance of the writ, and the Amended Petition for Writ of Habeas Corpus is DENIED.

**IT IS SO ORDERED** this ___OCT 2 6 2012___.

HONORABLE ARTHUR R. BARCINAS
Judge, Superior Court of Guam

I hereby certify that the foregoing
is a full, true and correct copy of the
original on file in the office of the
clerk of

OCT 2 8 2012

Valerie R. Honorio
Deputy Clerk, Superior Court of Guam